GEORGIA,
Chatham Co.
JUNE, 1808.

Howard
vs.
Corporation of
Savannah.

*Minutes of Superior Court, letter F. p.* 549.

*June* 27, 1808.

SAMUEL and CHARLES HOWARD

*vs.*

CORPORATION of SAVANNAH.

### CERTIORARI.

THE petitioners, *Samuel* and *Charles Howard*, obtained a rule to show cause why a writ of *certiorari* should not issue, to remove into the Superior Court the proceedings of the corporation against them, upon the following grounds :

1. Because from the 1st of May, 1806, to the 30th November, 1807, the petitioners could only be required to pay a tax of 50 cents, upon the *invoice* price of goods sold between the above periods, whereas, by the execution, report, and certificate of the officer issuing the same, it manifestly appears, that the assessment upon which the same is founded, is made on the *amount* of *sales* of the said goods, from, and to, the periods therein mentioned.

2. And because, the said execution is directed generally, and in the *first instance*, against the goods and chattels, lands and tenements, of the petitioners, whereas, the ordinance authorises an execution against the goods and chattels only.

*Charlton*, Judge.

Two questions arise out of the grounds stated by the petitioners.

1. Whether the ordinance of the 30th November, 1807, can *retrospect*, so as to supersede the assessment imposed by the ordinance of the 24th November, 1806, and in lieu thereof, to substitute the assessment imposed by the ordinance of the 30th Nov. 1807 ? and,

GEORGIA,
Chatham Co.
JUNE, 1808.

Howard
vs
Corporation of
Savannah.

2. Whether an execution, issued by an officer of the corporation, can be levied on lands and tenements?

1. The ordinance of the 24th November, 1806, directs a tax to be levied of fifty cents on every hundred dollars value of goods and merchandise, to be ascertained by the invoice price.

The ordinance of the 30th November, 1807, directs, that a tax be levied of fifty cents, on all goods, wares, and merchandise, which shall be *sold* on *commission*, on every hundred dollars sold.

No laws can operate retrospectively unless they are explanatory of the statute, or declaratory of the common law. With these exceptions, statutes or ordinances will always be construed as applying their principles to cases in future, or subsequent to their enactment.

The ordinance of 30th November, 1807, cannot, therefore, divest the petitioners of their right to pay the tax of fifty cents on the invoice price of the goods, from the 24th November, 1806, to the 30th November, 1807, the amount of which assessment will be ascertained by the returns made on the 1st of January and 1st of May, 1807, or by the assessed value of the city treasurer.

2. A sale of lands and tenements under an execution of a city officer, for a violation of a city ordinance or by-law is illegal, and repugnant to the rights, which are expressly or impliedly delegated to the corporation. Upon the footing too of general doctrines, the appropriate remedy for all infractions of ordinances or by-laws, is against the goods and chattels.

This execution cannot, therefore, be supported by principles of law, nor has it been issued conformably to the directions of the ordinance itself.

*Rule made absolute.*

*Davis* and *Berrien,* for the Petitioner.
Mr. *Recorder Habersham,* for the Corporation.